IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL LAWRINENKO, *individually;* and for A. Lawrinenko, son.  *Plaintiffs*,  v.  JOHN WES BILLINGSLEY, *ET.AL.*,  *Defendants*. | Case No. CIV-23-46-RAW |

**ORDER**

Before the Court is the Motions to Dismiss of all Defendants: Motion to Dismiss by Attorney General of the United States [Dkt. No. 71]; Motion to Dismiss Second Amended Complaint of Defendant State of Oklahoma ("State") and Attorney General Getner Drummond [Dkt. No. 54 and 43]; Defendants' Billingsley and Billingsley & York PLLC's Motion to Dismiss Pursuant to Rule 12 (b)(6) and 12 (b)(1) [Dkt. No. 17]; Motion to Dismiss by Tara Portillo [Dkt. No. 61]; Motion to Dismiss Second Amended Complaint and Brief in Support by Michael Walker [Dkt. No. 60]; Defendants Judge Lori Jackson and Court Reporter Anna Wells's Motion to Dismiss and Brief in Support [Dkt. No. 56].

As an initial matter, Plaintiff is proceeding pro se and claims to bring claims on behalf of his minor child, A.M.L. As a rule, pro se plaintiffs may not represent anyone other than

1

themselves. *Adams ex rel. D.J.W.* v. *Astrue*, 659 F.3d 1297, 1299-300 (10th Cir. 2011) ("[B]ecause pro se means to appear for oneself, a person may not appear on another person's behalf in the other's cause".) "[U]nder Fed.R.Civ.P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney." *Oltremari by McDaniel* v. *Kansas Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1332 (D. Kan. 1994). The Court, therefore, finds Plaintiff's Second Amended Complaint must be DISMISSED to the extent it attempts to bring any claims on behalf of his minor child, A.M.L..

## LEGAL STANDARDS

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."

> [T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 570, (2007).... "[T]he complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C.* v. *Schnieder*, 493 F.3d 1174, 1177 (10th Cir.2007). The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 550 U.S. at 556. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

*Robbins* v. *Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008) (emphasis omitted).

We must also construe a pro se plaintiff's complaint liberally. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Curley* v. *Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001) (internal quotation omitted). "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the

light most favorable to the plaintiff." *Gaines* v. *Stenseng*, 292 F.3d 1222, 1224 (10th Cir.2002). Although the court is required to exercise a liberal interpretation of pro se plaintiff's pleadings, the court need not assume the role of advocate for plaintiff, and he must present more than conclusory allegations to survive a motion to dismiss for failure to state a claim. *Haines* v. *Kerner*, 404 U.S. 519 (1972); *Hall* v. *Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Id*. (citing cases).

## BACKGROUND

The present case arises out of Plaintiff's divorce case in Oklahoma State Court and a related domestic restraining order. PO-2021-69. [Plaintiff's Second Amended Complaint Dkt. No. 44]. The claims set forth in Plaintiff's Second Amended Complaint are rambling and conclusory, but liberally construed, he alleges that the Defendants committed constitutional torts and other violations of law during the divorce and protective order proceedings [Dkt. No. 44]. Plaintiff broadly accuses his former attorney of negligence, the trial judge and court reporter of violating his rights, a prosecutor and police officer of submitting an inaccurate statement of probable cause, and the State of Oklahoma for violating his rights. For the various reasons detailed below, the Plaintiff's Second Amended Petition should be dismissed.

**1. Motion to Dismiss by United States**

In his Second Amended Petition, the Plaintiff states that he is "call[ing] into Federal Question" the constitutionality of 18 U.S.C. §922(g)(8) & (9) a statute which makes it unlawful to possess a firearm when subject to a domestic violence restraining order or has been convicted of a misdemeanor crime of domestic violence [Dkt. No. 44]. Defendant United States moves to

dismiss arguing the Plaintiff lacks standing, the Plaintiff is asking the Court to issue an impermissible advisory opinion, and this Court should abstain from hearing the case pursuant to the *Younger* abstention doctrine [Dkt. No. 71].

The United States argues that the Plaintiff lacks standing to challenge the statute because it has not had an adverse impact on his rights. *Cnty. Ct. of Ulster Cnty., N. Y.* v. *Allen*, 442 U.S. 140, 155, 99 S. Ct. 2213, 2223 (1979) ("A party has standing to challenge the constitutionality of a statute only insofar as it has an adverse impact on his own rights.") Construed liberally, Plaintiff's Second Amended Petition alleges a facial challenge to 18 U.S.C. § 922 (g)(8). According to the Second Amended Complaint, Plaintiff is the subject of a protective order in Oklahoma pursuant to 22 O.S. § 60.1, et seq. *See* PO-2021-69 Final Order of Protection ("Protective Order"). The Protective Order references 18 U.S.C. § 922 (g)(8) which makes it unlawful for an individual who is the subject of a protective order to possess or purchase a firearm. Even construing the pleadings liberally, the Plaintiff does not allege that the has been prosecuted under 18 U.S.C. § 922(g)(8) nor does it allege that he is imminently facing prosecution under the statute. He merely takes issue with the fact that the federal statute is referenced by the Oklahoma statute. Accordingly, because the Plaintiff fails to show that the challenged statute has adversely impacted his own rights, he does not have standing. Furthermore, even if he had standing, the Supreme Court recently addressed a facial challenge to this statute and held that it is constitutional and consistent with the Second Amendment. *United States* v. *Rahimi*, 144 S. Ct. 1889, 1891 (2024). Therefore, Plaintiff's facial challenge would fail even if he had standing. Accordingly, the United States' Motion to Dismiss [Dkt. No. 71] is hereby GRANTED.

**2. Attorney General Getner Drummond and the State of Oklahoma**

The Plaintiff named Attorney General Getner Drummond as a defendant in his initial complaint and First Amended Complaint [Dkt. No. 2; Dkt. No. 27]. Defendant Getner Drummond filed a Motion to Dismiss [Dkt. No. 43] and the Plaintiff responded by filing a motion dismissing his claims against Getner Drummond [Dkt. No. 49]. Therefore, because the Plaintiff has himself abandoned any claim against Getner Drummond both the Plaintiff's and the State of Oklahoma's Motion [Dkt. Nos. 49 and 54] are GRANTED. The same motion to dismiss filed by Attorney General Drummond [Dkt. No. 54] also addresses Plaintiff's claims against the State of Oklahoma. For the foregoing reasons these claims should also be dismissed.

Plaintiff alleges that the Oklahoma protective order statute is unconstitutional [Dkt. No. 44 at 15]. Construing the Pleadings liberally, the Plaintiff appears to be alleging a civil rights cause of action pursuant to 42 U.S.C. § 1983 against the State. However unless it is otherwise abrogated or waived, "the Eleventh Amendment has been interpreted to bar a suit by a citizen against the citizen's own State in Federal Court." *AMISUB (PSL), Inc*. v. *State of Colorado Dep't of Social Servs*., 879 F.2d 789, 792 (10th Cir.1989); *Johns* v. *Stewart,* 57 F.3d 1544, 1552 (10th Cir. 1995) (The Eleventh Amendment bars a suit brought in federal court by the citizens of a state against the state or its agencies except where it has been abrogated by congress or waived by the state). Additionally, the Supreme Court has held that "a state is not a 'person' against whom a §1983 claim for money damages may be asserted." *Lapides* v. *Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 617, 122 S. Ct. 1640, 1643 (2002) citing *Will* v. *Michigan Dept. of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 105 (1989). In the present case, the Plaintiffs fails to state a claim because he does not point to any officials other than Attorney General Drummond who violated his rights while acting under color of law. Additionally, the Second Amended Petition does not allege any facts suggesting waiver or abrogation might apply. Thus,

because the Plaintiff did not plead a cause action against a person the Plaintiff's §1983 case against the State of Oklahoma must be dismissed. Thus, the State of Oklahoma and Attorney General Getner Drummond's Motion to Dismiss [Dkt. No. 54] is hereby GRANTED.

### 3. Billingsley Defendants

The Billingsley Defendants' Motion to Dismiss[1] [Dkt. No. 17] should be granted because this Court lacks subject matter jurisdiction over the Plaintiff's negligence claim and he has failed to plausibly plead that Jon Wes Billingsley ("Mr. Billingsley") and the Billingsley & York Law Firm ("the Firm") (collectively "the Billingsley Defendants") violated his constitutional rights. Plaintiff alleges a cause of action for criminal negligence under 21 O.S. § 93; a violation of 42 U.S.C. § 1983; criminal deprivation of rights under 18 U.S.C. § 242; and mail fraud under 18 U.S.C. § 1341 [Dkt. No. 17]. The Billingsley Defendants move to dismiss pursuant to Federal Rules of Civil Procedure 12 (b) (1) and 12 (b) (6).

The Court will first address the Plaintiff's state law tort claims of negligence and fraud. The Plaintiff's Second Amended Petition cites to the Oklahoma criminal fraud statute, which he does not have standing to enforce. *Linda R.S.* v. *Richard D.*, 410 U.S. 614, 619 (1973). We can interpret his pro se pleading liberally to infer that he intended to allege a common law negligence claim sounding in tort. However, we do not have subject matter jurisdiction over a state law tort claim where there is no diversity of citizenship between the parties. "Subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires: (i) complete diversity among the parties; and (ii) that 'the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.'"

---

[1] The Motion to Dismiss by Defendant's John Billingsley and Billingsley and York law firm [Dkt. No. 17] was originally filed in response to Plaintiff's first complaint. The Plaintiff has since filed two amendments to this complaint, making the operative pleading his Second Amended Complaint. Because his allegations against these two defendants are the same in the Second Amended Complaint as they are in the initial complaint, we will address the arguments raised by Defendants as they are relevant to the Second Amended Compliant [Dkt. No. 44].

*Bailey* v. *Markham*, 611 F. Supp. 3d 1177, 1228 (D.N.M. 2020). In the present case, the Plaintiff and both Billingsley Defendants are citizens of the State of Oklahoma. Thus, because the parties share citizenship there is no diversity between these parties and the Court cannot exercise jurisdiction. Additionally, this Court cannot exercise supplemental jurisdiction over this claim because, as explained below, Plaintiff does not state a claim for relief arising under federal law.

Finally, with respect to Plaintiff's 42 U.S.C. §1983 claim, he does not provide any facts to support this claim and fails to allege that the Billingsley Defendants were acting under color of law. Plaintiff asserts the bare legal conclusion that Defendant Billingsley violated his due process rights [Dkt. No. 44 at 2]. A civil rights case pursuant to 42 U.S.C. § 1983 can only be brought against a person acting under color of law. The Plaintiff offers no facts alleging how the Billingsley defendants violated his rights or addressing the fact that the Defendants were not acting under color of law. *Will* v. *Michigan Dept. of State Police*, 491 U.S. 58, 64-69 (1989). Furthermore, the Plaintiff has already amended his complaint twice, there is no indication that granting further leave to amend would cure the deficiencies in the Second Amended Petition. Accordingly, the Plaintiff because this court does not have subject matter jurisdiction over the state law claims and the Plaintiff failed to plead a plausible federal claim thus [Dkt. No. 17] is hereby GRANTED.

### 4. Tara Portillo

Tara Portillo ("Ms. Portillo") is the assistant district attorney for Pontotoc County who signed the information filed against Plaintiff alleging a Protective Order Violation [Dkt. No. 20-1 at 3]. Plaintiff alleges that "violated O.S. 5A 3.8(a) Special Responsibilities of a Prosecutor by

prosecuting a charge that she knew was not supported by probable cause" [Dkt. No. 44, p. 12]. Plaintiff further alleges that Ms. Portillo violated his Fourth Amendment rights and "6th amendment rights to know the nature of the charge" [Dkt. No. 44, p.12, ¶15]. Ms. Portillo moved to dismiss arguing that she is entitled to prosecutorial immunity [Dkt. No. 61].

State prosecutors are entitled to absolute immunity against suits brought pursuant to 42 U.S.C.§1983 for activities involving advocacy. *Pfeiffer* v. *Hartford Fire Ins. Co.*, 929 F.2d 1484, 1489 (10th Cir. 1991); *Gagan* v. *Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994). Absolute prosecutorial immunity is a complete bar to a suit for damages under 42 U.S.C. § 1983. *Mink* v. *Suthers*, 482 F.3d 1244, 1258 (10th Cir. 2007). Immunity extends to those activities "intimately associated with the judicial phase of the criminal process," which includes initiating criminal proceedings. *Imbler* v. *Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). A prosecutor's charging decisions are absolutely immune from civil suit for monetary damages. *Id*. This immunity applies even if the prosecutor files charges knowing he lacks probable cause. *See id*. at 431 n. 34, 96 S.Ct. 984 (applying immunity even when prosecutor deliberately withholds exculpatory information from the court).

In the present case the Plaintiff here specifically challenges Ms. Portillo's decision to prosecute and alleged failure to describe the nature of the charge. *Imbler,* 424 U.S. at 430–31, 96 S.Ct. 984. Even if Plaintiff had plead facts that could plausibly support these allegations, the actions are so "intimately associated with the judicial process", that they are nevertheless protected by absolute immunity. *Id*. Therefore Ms. Portillo's Motion to Dismiss, Dkt. No. 61 is hereby GRANTED.

5. **Michael Walker**

Similarly, Michael Walker, a Deputy of the Pontotoc County Sheriff's Office ("Deputy Walker"), allegedly prepared a probable cause affidavit that was used in seeking an arrest warrant for the Plaintiff following an alleged violation of a protective order. Plaintiff now alleges that Deputy Walker violated his Fourth Amendment right to be free from arrest not supported by probable cause [Dkt. No. 60 at 1]. Defendant Walker now moves to dismiss arguing lack of personal jurisdiction, insufficient service of process and failure to state a claim. *Id*. The Probable cause affidavit states that Defendant Walker responded to a call from Plaintiff's former wife complaining that Plaintiff violated a protective order on July 12, 2022 [Dkt. No. 60 at 6].

The Court will start by addressing Defendant Walkers' argument that the Court should dismiss this matter under the *Younger* abstention doctrine. The Younger abstention doctrine requires a Federal Court to abstain from hearing a case when federal proceedings would "(1) interfere with an ongoing state judicial proceeding (2) that implicates important state interests and (3) that affords an adequate opportunity to raise the federal claims." *Seneca–Cayuga Tribe of Okla*. v. *Oklahoma*, 874 F.2d 709, 711 (10th Cir.1989). Absent extraordinary circumstances that render a state court unable to give state litigants a full and fair hearing, application of the *Younger* abstention doctrine is not discretionary once the above conditions are met. *Colorado River Water Conservation Dist*. v. *United States*, 424 U.S. 800, 816, 96 S. Ct. 1236, 1246, 47 L. Ed. 2d 483 (1976).

According to the Second Amended Complaint, the state court misdemeanor criminal proceedings against the Plaintiff are still ongoing [Dkt. No. 44 at 14, ¶ 25]. Therefore, the case is in a sense "ongoing" for the purposes of abstention. Additionally, the state's interest in enforcing criminal laws in state court is well recognized. *See Fisher* v. *Whetsel,* 142 F. App'x 337, 339 (10th Cir. 2005). Finally, the Plaintiff does not allege any facts suggesting that Oklahoma State

law would bar the pursuit of his claim that Defendant Walker violated his Fourth Amendment rights by failing to properly investigate the allegations against him. Accordingly, under the *Younger* abstention doctrine this Court does not have jurisdiction over the Plaintiff's claims against Mr. Walker. Therefore, Defendant Walker's Motion to Dismiss, [Dkt. No. 60] is hereby GRANTED.

6. **Judge Lori Jackson and Anna Wells**

Plaintiff broadly accuses Judge Lori Jackson ("Judge Jackson") of failing to conduct "proper hearings" in violation of 42 U.S.C. 1983 and claims that court reporter Anna Wells ("Ms. Wells"), altered transcripts of the court proceedings in his divorce. Defendant Wells and Defendant Jackson assert that to the extent Plaintiff asserts a claim against them in their official capacities, that claim must be dismissed because they are immune pursuant to the Eleventh Amendment [Dkt. No. 56]. As explained *Supra* p. 4-6, the Eleventh Amendment provides states immunity from suits brought in federal court. *See also* U.S. Const. Amend. XI; *Prairie Band Potawatomi Nation* v. *Wagnon*, 476 F.3d 818, 827 (10th Cir.2007). When a state official is sued in his official capacity, he enjoys the same immunity as the state. *Monnel* v. *Dep't of Soc. Servs. Of City of N.Y.*, 436 U.S. 658, 690 n. 55 (1978).

In the present case the Plaintiff alleges that Judge Jackson failed to conduct proper hearings and that Defendant Wells altered the transcripts in his divorce and protective order proceedings thereby violating his due process rights [Dkt. No. 44 at 9-10]. The only conduct challenged by the Plaintiff is conduct these Defendants took in the context of their official capacities working for the State of Oklahoma. Accordingly, because Plaintiff only asserts a claim against Defendant Wells and Judge Jackson in their official capacities and Defendant Wells and

10

Judge Jackson were clearly acting within their authority, both parties are entitled to the same immunity as the State under the Eleventh Amendment. Therefore, Defendants Judge Lori Jackson and Court Reporter Anna Wells' Motion to Dismiss and Brief in Support, [Dkt. No. 56] is hereby GRANTED.

## CONCLUSION

In sum the Plaintiff has failed to plead a plausible claim for relief against any of the named Defendants, and, given that he has already amended his complaint twice, it is obvious that amendment would be futile. *Curley*, 246 F.3d at 1281. Therefore, the Motion to Dismiss by Attorney General of the United States [Dkt. No. 71]; Motion to Dismiss Second Amended Complaint [Dkt. No. 54 and 43] of Defendant State of Oklahoma and Attorney General Drummond and Plaintiff's Motion to Dismiss [Dkt. No. 49]; Defendants' Billingsley and Billingsley & York PLLC's Motion to Dismiss Pursuant to Rule 12 (b)(6) and 12 (b)(1) [Dkt. No. 17]; Motion to Dismiss by Tara Portillo [Dkt. No. 61]; Motion to Dismiss Second Amended Complaint and Brief in Support by Michael Walker [Dkt. No. 60]; and Defendants Judge Lori Jackson and Court Reporter Anna Wells' Motion to Dismiss and Brief in Support [Dkt. No. 56] are all hereby GRANTED.

IT IS SO ORDERED this 7th day of November, 2024.

RONALD A. WHITE
UNITED STATES DISTRICT JUDGE